**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHARLES ANDREW TOLER, *on behalf of himself and all others similarly situated*, | * * * * | |
| Plaintiff, | * * | 1:20-CV-03144-ELR |
| v. | * * | |
| AT&T MOBILITY SERVICES LLC, | * * | |
| Defendant. | * * | |

_____

**O R D E R**
_____

Presently before the Court is the Parties' "Joint Motion for Approval of Settlement and Dismissal with Prejudice." [Doc. 76]. For the following reasons, the Court denies the Parties' motion.

**I.   Background**

On July 28, 2020, Plaintiff Charles Andrew Toler initiated this action, alleging that Defendant AT&T Mobility Services LLC violated his rights pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by failing to pay earned overtime wages to Plaintiff and others similarly situated. See Compl. [Doc. 1]. Defendant disputes whether this case is suitable for treatment as a collective action,

and it denies Plaintiff's allegations regarding its pay practices and failure to pay overtime. [See Doc. 76-1 at 2–3].

On August 31, 2021, Defendant filed a "Notice of Settlement," indicating that the Parties reached a settlement in principle. [Doc. 73]. Thereafter, in an Order dated September 7, 2021, the Court administratively closed this case and stated that the Parties should file a stipulation of dismissal upon finalization of the settlement documents. [See Doc. 75 at 1]. On October 6, 2021, the Parties filed the instant motion requesting the Court's approval of their Confidential Settlement Agreement (the "Agreement").[1] [See Doc. 76-1].

## II.   Discussion

"Although a private settlement and stipulation for dismissal typically ends the case without judicial intervention, the Eleventh Circuit requires the district court to review the settlement of [an] FLSA claim." Dees v. Hydradry, Inc., 706 F.Supp.2d 1227, 1231 (M.D. Fla. 2010) (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982)). Considering the disparity of bargaining power that often exists between employers and their employees, Congress made the FLSA's wage and hour limitations on employers mandatory. See id. (citing Brooklyn Sav.

---

[1] For the sake of clarity, the Court notes that the Parties have not filed a copy of their proposed Agreement on the docket; instead, they submitted a copy to the Court via email. See Email from Desmond Dennis, Assoc., Kilpatrick, Townsend, & Stockton LLP, to Michelle Beck, Courtroom Deputy Clerk to J. Ross (October 6, 2021, 6:12 PM EST) (on file with author) [hereinafter Agreement Email].

Bank v. O'Neil, 324 U.S. 697, 706 (1945), superseded on other grounds by statute, Portal-to-Portal Act of 1947, Pub. L. No. 80-49, 61 Stat. 84, as recognized by, Akpeneye v. United States, 990 F.3d 1373, 1378 (Fed. Cir. 2021)). Thus, employers are prohibited from negotiating agreements that require employees to waive certain minimum protections provided by the FLSA. See Lynn's Food Stores, Inc., 679 F.2d at 1352.

In this Circuit, there are "only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." See id. at 1352–53. The first option, which is inapplicable to this case, involves actions taken by the Secretary of Labor. See id. at 1353. The second route, however, permits the presentation of a proposed settlement agreement to a district court when an employee brings a private action for back wages pursuant to 29 U.S.C. § 216(b). See id. If, after scrutinizing the settlement, the district court determines that it "is a fair and reasonable resolution of a bona fide dispute of FLSA provisions[,]" the court may enter a stipulated judgment. See id. at 1355.

Upon review, the Court cannot approve the Agreement as submitted because the confidentiality provision therein contravenes public policy. The Court discusses this deficiency below.

**A. Confidentiality Provision**

Section 7 of the Parties' proposed Agreement contains a confidentiality provision, which states, in relevant part:

> [Plaintiff] . . . agrees not to request the Court to publish any information concerning this Agreement or the settlement and not to oppose any request to the Court by [Defendant] to maintain the confidentiality of the terms of the Agreement. . . . [Plaintiff] will keep the negotiations leading to this Agreement and the terms and conditions of this Agreement strictly confidential and, except as may be required by law, will not review, discuss or disclose, orally or in writing, the negotiations leading to this Agreement, or any of its terms or conditions with any person, organization, or entity, other than [Plaintiff]'s attorneys, tax consultants or preparers, financial advisors, and/or spouse, who must first agree to keep the information shared confidential.

See Agreement Email.

Courts in this Circuit disfavor confidentiality clauses in proposed FLSA settlement agreements, holding that "[t]he district court should reject as unreasonable a compromise that contains a confidentiality provision." See Dees, 706 F. Supp. 2d at 1243. Specifically, courts have found that a confidentiality provision does not further the resolution of a bona fide dispute between the parties, but "rather, compel[s] silence [that] unreasonably frustrates implementation of the 'private-public' rights granted by the FLSA and thwarts Congress'[] intent to ensure widespread compliance with the statute." See id. at 1242; see also Gamble v. Air Serv. Corp., 247 F. Supp. 3d 1302, 1306 (N.D. Ga. 2017) ("Not only do confidentiality provisions frustrate the spirit and intent of the statute, they arguably violate provisions of the FLSA itself."). For example, in Gamble, a court in this

District struck a confidentiality provision in a proposed settlement agreement that would have required the plaintiff to "keep the terms and amount of [the settlement] completely and strictly confidential," finding that the provision "impermissibly frustrate[d] the implementation of the FLSA." See 247 F. Supp. 3d at 1303, 1306–07; see also Brown v. SeaDog Brewpub BV, LLC, No. 616CV898ORL40GJK, 2016 WL 7743030, at *5 (M.D. Fla. Dec. 29, 2016), report and recommendation adopted, No. 616CV898ORL40GJK, 2017 WL 119741 (M.D. Fla. Jan. 12, 2017) ("Courts within this circuit routinely reject such confidentiality clauses contained in FLSA settlement agreements because they thwart Congress'[] intent to ensure widespread compliance with the FLSA.") (internal quotation omitted); Brantley v. Ferrell Elec., Inc., No. 1:14-CV-22, 2016 WL 5938707, at *1 n.1 (S.D. Ga. May 10, 2016) (collecting Eleventh Circuit cases that disfavor confidentiality provisions in FLSA settlement agreements).

Upon consideration, the Court finds this authority persuasive, and thus, declines to approve the Parties' proposed Agreement. See Gamble, 247 F. Supp. 3d at 1306–07. As written, the Agreement contravenes the FLSA by "compel[ling] silence that unreasonably frustrates implementation of the 'private-public' rights granted by the [Act][.]" See Dees, 706 F. Supp. 2d at 1242. Judicial approval of a settlement constitutes a "public act, and the public has an interest in knowing what

terms of settlement a federal judge would approve."[2]  See id. at 1244–45. Accordingly, the Court finds that the confidentiality provision—on its own—precludes approval of the proposed Agreement. See id. at 1243 ("[t]he district court should reject as unreasonable a compromise that contains a confidentiality provision.").

### III. Conclusion

For the foregoing reasons, the Court **DENIES** the "Joint Motion for Approval of Settlement and Dismissal with Prejudice" [Doc. 76], with leave to re-file. Additionally, should the Parties refile their motion, the Court **DIRECTS** the Parties to file on the docket an amended proposed settlement agreement. The Court reiterates that if the settlement fails, the Parties should promptly move to reopen the case.

**SO ORDERED**, this 13th day of December, 2021.

_Eleanor L. Ross_
Eleanor L. Ross
United States District Judge
Northern District of Georgia

---

[2] Because the Parties represent in their motion that Plaintiff would receive "additional consideration in exchange for the promise of confidentiality," the Court declines to simply modify their proposed Agreement by striking the confidentiality provision. [See Doc. 76-1 at 9]; see also Agreement Email ("[Plaintiff] agrees and acknowledges that this promise of confidentiality is a material consideration for [Defendant] entering into this Agreement."). Additionally, no public copy of the proposed Agreement has yet been filed on the docket. Thus, if the Court merely modified the proposed Agreement to render it enforceable, this would not satisfy the public's legitimate "interest in knowing what terms of settlement a federal judge would approve." See Dees, 706 F. Supp. 2d at 1244–45.