# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| CHARLES ANDREW TOLER, *on behalf of himself and all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> AT&T MOBILITY SERVICES LLC, <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> *    1:20-CV-03144-ELR <br> * <br> * <br> * <br> * <br> * <br> * |

_____

# O R D E R
_____

Presently before the Court is Plaintiff Charles Andrew Toler's "Unopposed Motion for Approval of Settlement and Dismissal with Prejudice." [Doc. 78]. In an Order dated December 13, 2021, the Court denied the Parties' "Joint Motion for Approval of Settlement and Dismissal with Prejudice," with leave to re-file, because the confidentiality provision in the Parties' proposed settlement agreement contravened the Fair Labor Standards Act ("FLSA"). [See Docs. 76; 77 at 6]. By their instant motion, the Parties seek approval of a revised FLSA settlement agreement that excludes any confidentiality provision. [See Docs. 78-1 at 1–2; 78-2].

In this Circuit, there are "only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352–53 (11th Cir. 1982).  The first option, which is inapplicable to this case, requires action by the Secretary of Labor. See id. at 1353.  The second route, however, permits the presentation of a proposed settlement agreement to a district court when an employee brings a private action for back wages pursuant to 29 U.S.C. § 216(b).  See id.  If, after scrutinizing the settlement, the district court determines that it "is a fair and reasonable resolution of a bona fide dispute of FLSA provisions[,]" the court may enter a stipulated judgment.  See id. at 1355.  In this context—when the employee is represented by counsel—there is some assurance that the employee's rights under the statute will be protected, and "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." See id. at 1354.  To that end, the Court notes that Plaintiff is represented by counsel in the present action.

After reviewing Plaintiff's "Unopposed Motion for Approval of Settlement and Dismissal with Prejudice" and the Parties' proposed settlement agreement (as revised), the Court finds that there is a bona fide dispute regarding claims arising under the FLSA and the Parties' settlement agreement is a fair and reasonable resolution to this action.  [See Docs. 78-1; 78-2]; see also Lynn's Food Stores, Inc., 679 F.2d at 1354–55.  Although Defendant denies Plaintiff's allegations of

wrongdoing, the Parties engaged in an arms-length settlement negotiation and eventually agreed upon terms to resolve this dispute. [See Doc. 78-1 at 5–7]. Moreover, as indicated above, the Parties have stricken the confidentiality provision within the proposed settlement agreement, aligning with "Congress's intent to 'ensure widespread compliance with the statute.'" [See generally Doc. 78-2]; see also Gamble v. Air Serv. Corp., 247 F. Supp. 3d 1302, 1305 (N.D. Ga. 2017) (internal citation omitted).

Additionally, the Court finds that the legal fees of counsel for Plaintiff are reasonable. [See Docs. 78-1 at 8–9; 78-2 at 2–3]. "The FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wrong employee recovers under a settlement agreement." Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009). The Parties represent that the "amount of fees paid to Plaintiff's counsel was separately considered and approved," and Plaintiff will receive "the entire amount of wages and liquidated damages to which he is reasonably entitled under the FLSA." [See Doc. 78-1 at 8].

Accordingly, the Court **DIRECTS** the Clerk to reopen this case so that the Court may pronounce its ruling on Plaintiff's instant motion.[1] Additionally, the Court **GRANTS** Plaintiff's "Unopposed Motion for Approval of Settlement and Dismissal

---

[1] The Court notes that this case was administratively closed on September 7, 2021, based on Defendant AT&T Mobility Services LLC's "Notice of Settlement," which indicated that the Parties had reached a settlement in principle. [See Docs. 73, 75].

with Prejudice" and **APPROVES** the Parties' revised settlement agreement. [See Docs. 78-1; 78-2]. Finally, the Court **DIRECTS** the Clerk to close this matter.

**SO ORDERED**, this 20th day of January, 2022.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia